UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NETETIA K. WALKER,           ) | | |
|     Plaintiff,           ) | | |
|                ) | | |
| vs.           ) | 1:05-cv-1652- LJM-JMS | |
|                ) | | |
| TOYOTA MOTOR CREDIT CORPORATION, ) | | |
|     Defendant.           ) | | |

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendant's, Toyota Motor Credit Corporation ("Toyota"), Motion for Summary Judgment (Docket No. 40). Plaintiff, Netetia K. Walker ("Walker"), initially filed this lawsuit in state court before Toyota removed the suit to this Court pursuant to 28 U.S.C. § 1332. Walker's remaining claim for this Court's consideration is a state tort claim for malicious prosecution. The instant motion for summary judgment has been fully briefed and is now ripe for ruling.

For the reasons stated herein, Toyota's motion is **GRANTED**.

### I. BACKGROUND

The basic facts of this case are not in dispute. Toyota acquired the lessor's interest in a lease agreement for a 2002 Toyota Sequoia signed by Walker's brother, Christopher Walker, Jr. ("Christopher"). At the time, Christopher was a resident of Garland, Texas. In September 2002, Christopher became ill and was hospitalized. After his release, Christopher traveled to Indianapolis with Walker.

During this time, Christopher fell behind on his lease payments, failing to make the August and September 2002 payments. Toyota made several unsuccessful attempts to contact him. On October 1, 2002, Walker notified Toyota that Christopher was in the hospital and that she would make the payments due on the Sequoia to bring Christopher's account current. Walker subsequently made payments on the account using her own checks. Thereafter, Toyota continued to receive timely payments on the account through January 2003; however, Christopher passed away on January 27, 2003, and payments ceased after that time.

Toyota then began efforts to collect on Christopher's delinquent account. Toyota made several attempts to contact Christopher prior to learning about his death, reviewed his credit bureau information, and discovered that Christopher was no longer working for his employer and that his insurance coverage on the vehicle had lapsed. Ultimately, Toyota hired several repossession agents to search for the Toyota Sequoia in three different states where Toyota believed that Christopher and the car could be located. At some point, Toyota learned that Christopher had passed away and that Walker was handling Christopher's estate. Moreover, one of the repossession agents informed Toyota that Walker had been seen driving the Toyota Sequoia in Indianapolis. Toyota then had the agents in the other states cease their activities because they had not developed any information indicating that the vehicle was likely to be found in those states.

Approximately two weeks after receiving information that the car might be in Indianapolis and when the repossession agent was still unable to obtain physical possession, Toyota turned the matter over to a local Indianapolis law firm to prepare a Complaint for Replevin against Walker. The firm filed such a complaint on Toyota's behalf. The trial court entered a default judgment against Walker on August 11, 2003, after she had failed to respond to the complaint. The court also

issued a writ of replevin, which the Sheriff's Department attempted to execute; however, the Sheriff's Department was unable to locate the vehicle at Walker's residence. The trial court subsequently conducted a proceedings supplemental where Walker appeared and denied that she had ever had possession of the car and denied any knowledge as to its whereabouts.

Later, counsel for the two parties reached an agreement whereby Toyota would seek to have the writ of replevin rescinded and dismiss the cause of action against her without prejudice pursuant to Indiana Trial Rule 41. In accordance with that agreement, Toyota filed its Motion for Voluntary Dismissal and to Rescind Writ of Replevin on March 26, 2004, and its Motion to Set Aside Default Judgment. On April 7, 2004, the trial court issued its Order of Dismissal Without Prejudice and Rescinding Writ of Replevin and its Order Setting Default Judgment. The car was ultimately found in Texas and returned to Toyota.

## II. SUMMARY JUDGMENT STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 499 U.S. 923 (1991). Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*. Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or

unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

### III. <u>DISCUSSION</u>

Because this is a diversity action, the Court must apply Indiana's choice-of-law rules to determine the state law that governs the parties' claims. *See Jean v. Dugan*, 20 F.3d 255, 261 (7th Cir. 1994). In this case, the answer to that question is simple because the replevin action was filed in Indiana pursuant to Indiana's substantive and procedural rules and Walker's claim for malicious prosecution is premised on that action. Further, the parties do not dispute that Indiana law should apply. Therefore, the Court will apply Indiana law to determine whether summary judgment is appropriate on Walker's malicious prosecution claim.

In Indiana, a plaintiff who brings a claim for malicious prosecution must establish the following elements: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted with malice in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *See City of New Haven v. Reichart*, 748 N.E.2d 374, 378 (Ind. 2001). Thus, if Walker fails to present sufficient evidence to raise a jury question on any one of those elements, Toyota is entitled to an entry of summary judgment.

In this case, the parties spend a good deal of time debating the admissibility and relevancy of certain pieces of evidence. Moreover, with the exception of the first element for Walker's claim (which is a given), they debate whether the elements of Walker's claim can be satisfied. The Court finds it unnecessary to resolve many of these issues because it concludes that the answer to one question is dispositive: whether the replevin action was terminated in Walker's favor.

Here, Toyota's counsel reached an agreement with Walker's counsel to voluntarily dismiss the replevin action without prejudice pursuant to Indiana Trial Rule 41. Under Indiana law, such a dismissal is not considered to be on the merits. *See* Ind. Trial Rule 41(a); *Ilagan v. McAbee*, 634 N.E.2d 827, 829 (Ind. Ct. App. 1994) (providing that dismissal with prejudice is one on the merits and conclusive as to the rights of the parties). *See also Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 106-77 (7th Cir. 1987), *reh'g denied* (explaining the differences between Federal Rule of Civil Procedure 41(a) and 41(b)); *Ind. Farmers Mut. Ins. Co. v. Richie*, 707 N.E.2d 992, 997 (Ind. 1999) (providing that Indiana courts may look to federal decision for guidance to interpret Indiana's Trial Rules because those rules are based on their federal counterparts). In fact, for the purposes of malicious prosecution claims, Indiana courts have explicitly stated that a prosecution has not terminated in a party's favor when original claims were left open for later prosecution or when the original proceeding ended by agreement or settlement. *See Strutz v. McNagny*, 558 N.E.2d 1103, 1107 (Ind. Ct. App. 1990) (concluding that summary judgment was appropriate where purpose of dismissal order in original case was to leave open the ability to present the claim in another proceeding); *Wong v. Tabor*, 422 N.E.2d 1279, 1284 (Ind. Ct. App. 1981) (citing with approval W. Prosser, LAW OF TORTS § 854 (4th ed. 1971)). Based on the foregoing authority, Walker's claim for malicious prosecution is doomed.

In spite of the clear authority against her, Walker nonetheless argues that the replevin action was terminated in her favor because, having recovered the vehicle, Toyota can no longer bring its claims against her. The Court concludes that Walker is mistaken. Indiana Code § 32-35-2-33 provides that a plaintiff in a replevin action may recover both the subject property (or the value thereof in case delivery is not possible) and damages for the detention of the property. Moreover, the Indiana Court of Appeals has held that a party can recover damages for wrongful detention or loss of use in a replevin action even when the defendant does not have possession of the disputed property. *See Lou Leventhal Auto Co. v. Munns*, 164 Ind. App. 368, 377-78, 328 N.E.2d 734, 741 (1975). The court based its decision on the principle that a party should be fully compensated and made whole for any wrong committed by the taking or detention of the property. *Id.* The same should be true in the case at bar. Toyota's Complaint for Replevin specifically sought to recover both the vehicle and damages for its detention. The Court cannot find that Toyota, having agreed to dismiss the replevin action without prejudice, would have been prohibited from re-instituting the action to seek damages for the lost use of the vehicle. Walker has failed to direct the Court's attention to any authority to the contrary.

In light of the foregoing, the Court concludes that the replevin action was not terminated in Walker's favor. Therefore, no matter what the conclusion on the other elements would be, she cannot prevail on her malicious prosecution claim. Accordingly, Toyota is entitled to summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Defendant's, Toyota Motor Credit Corporation, Motion for Summary Judgment (Docket No. 40), is **GRANTED**.  Plaintiff's, Netetia K. Walker, claim for malicious prosecution is **DISMISSED with prejudice**.

IT IS SO ORDERED this 30th day of August, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana


**Electronically distributed to:**

W. William Hodes
THE WILLIAM HODES PC
wwh@hodeslaw.com

Bradley D Hasler
BINGHAM MCHALE, LLP
bdhasler@binghammchale.com

Scott R. Leisz
BINGHAM MCHALE, LLP
sleisz@binghammchale.com